UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERRY THOMPSON, et al.,

    Plaintiffs,

    v.

U.S. POSTAL SERVICE, et al.,

    Defendants.
_____/

No. C 12-0301 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Before the court is defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim. Having read the parties' papers and carefully considered their arguments, the court hereby GRANTS the motion.

## BACKGROUND

    Plaintiffs Jerry Thompson and Aileen Krewson filed this action on January 19, 2012 against defendants United States Postal Service ("USPS"), Special Agent Patricia Ford-Smith, and Special Agent Sara Harlan. The complaint alleges that on June 5, 2009, defendants executed a search warrant at plaintiffs' home in Upper Lake, California, and that USPS Special Agent Harlan entered plaintiffs' home and illegally searched the premises, illegally confiscated plaintiffs' personal property including documents, and forcibly dragged plaintiff Krewson into the home's front yard and searched her person.

    Plaintiffs allege three causes of action against "all defendants" – (1) a claim under 42 U.S.C. § 1983 asserting unlawful search and seizure, based on the execution of the search warrant at plaintiffs' home on June 5, 2009; (2) a claim of intentional infliction of emotional distress; and (3) a claim of injunctive relief "requiring defendants to return all personal property seized by defendants' agents in the June 5, 2009 illegal search and seizure."

On July 13, 2012, defendants filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, arguing that the first and third causes of action should be dismissed in their entirety, and that the second cause of action should be dismissed as to the individual defendants.

**DISCUSSION**

A. Legal Standards

    1. Rule 12(b)(1)

Under Federal Rule of Civil Procedure Rule 12(b)(1), a court should dismiss a complaint where there is no subject matter jurisdiction, including cases where the federal government is a defendant and there is no explicit waiver of sovereign immunity. United States v. Mitchell, 445 U.S. 535, 538 (1980); Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997). In determining whether it has subject matter jurisdiction, a court is not limited to the allegations of the complaint, but may consider facts outside the pleadings. Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). Moreover, the court need not assume the truth of the complaint's allegations. Thornhill Pub. v. General Tel. & Elecs., 594 F.2d 730, 733 (9th Cir. 1979).

    2. Rule 12(b)(6)

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In order to state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

To survive a motion to dismiss for failure to state a claim, the plaintiff must allege

"enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted). In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. <u>See</u> <u>Sparling v. Daou</u>, 411 F.3d 1006, 1013 (9th Cir. 2005).

      3.     Sovereign Immunity

As a sovereign, the United States (including its agents) is immune from suit, and can be sued only to the extent it has waived its sovereign immunity. <u>Mitchell</u>, 445 U.S. at 538. A waiver of sovereign immunity must be unequivocally expressed and narrowly construed; it cannot be implied or liberally interpreted. <u>Al-Haramain Islamic Found., Inc. v. Obama</u>, __ F.3d __, 2012 WL 3186088 at *3 (9th Cir. Aug. 7, 2012). Absent an explicit waiver of sovereign immunity, a district court has no jurisdiction over actions against the federal government. <u>Mitchell</u>, 445 U.S. at 538.

B.    Defendants' Motion

      1.     First Cause of Action

Plaintiff's first cause of action seeks to hold the USPS and its employees Ford and Harlan liable under 42 U.S.C. § 1983. By its express terms, § 1983 applies to persons "acting under color of State law." 42 U.S.C. § 1983. It does not apply to federal actors. <u>District of Columbia v. Carter</u>, 409 U.S. 418, 424-5 (1973); <u>Morse v. North Coast Opportunities, Inc.</u>, 118 F.3d 1338, 1343 (9th Cir. 1997). Defendants assert that because there is no waiver of sovereign immunity under § 1983, plaintiff's first cause of action must be dismissed with prejudice. Plaintiff appears to concede this point.

Defendants also contend that even if the first cause of action is construed as a claim under <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), seeking monetary damages for alleged constitutional violations by the individual defendants, it must be dismissed because it is time-barred.

In their opposition, plaintiffs argue that the first cause of action is not time-barred, because under the Federal Tort Claims Act ("FTCA"), a potential claimant has two years to file an administrative claim, and has six months after the denial of the administrative claim to file a civil action. The requirements applicable to claims under the FTCA have no bearing on the running of the statute of limitations for constitutional claims under Bivens. Plaintiffs arguments are without merit.

Claims made under 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury. Wilson v. Garcia, 471 U.S. 261, 269 (1985); Johnson v. State of California, 207 F.3d 650, 653 (9th Cir. 2000). The same rule applies with regard to Bivens actions. Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir. 1991). The statute of limitations for personal injury actions in California is two years. Cal. Civ. P. Code § 335.1; see Krupnick v. Duke Energy Morro Bay, 115 Cal. App. 4th 1026, 1028-29 (2004).

However, federal law determines when a Bivens claim accrues and the applicable limitation period begins to run. See Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991). A cause of action accrues under federal law when a potential claimant "has knowledge of the 'critical facts' of his injury, which are 'that he has been hurt and who has inflicted the injury.'" Bibeau v. Pacific Nw. Research Found., Inc., 188 F.3d 1105, 1108 (9th Cir. 1999) (quoting United States v. Kubrick, 444 U.S. 111, 122 (1979)); see also Western Ctr. for Journalism v. Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2000) (federal claim accrues when the plaintiff "knows or has reason to know of the injury").

According to the complaint, plaintiffs knew of the alleged constitutional violation on June 5, 2009 when the allegedly illegal search occurred at their home. Plaintiffs assert that plaintiff Krewson was physically removed from the dwelling as part of the search. Because plaintiffs did not file the present action until January 19, 2012, the first cause of action is time-barred.

2.   Second Cause of Action

The only possible jurisdictional basis for the second cause of action for intentional infliction of emotional distress is the FTCA. "The United States is the only proper defendant

4

in an FTCA action." Lance v. United States, 70 F.3d 1093, 1095 (9th Cir. 1995); see 28 U.S.C. § 2674 (liability under FTCA is against the United States); id. § 2679(b)(1) (action against the United States is the exclusive remedy for torts allegedly committed by federal employees). Therefore, the sole remaining defendant is the United States.

In their opposition, plaintiffs appear to concede that the United States is the proper defendant, but also argue that they should be given leave to amend to assert the second cause of action against the individual defendants in their "professional" and "individual" capacities. Because the United States is the only proper defendant in an FTCA action, no FTCA cause of action can be stated against the individual government employees, and the United States must be substituted as a defendant in place of the USPS.

   3. Third Cause of Action

The third cause of action for injunctive relief is asserted against all defendants. To the extent this is intended as an FTCA claim, it must be dismissed because the FTCA waives sovereign immunity only as to claims for "money damages," and not for declaratory or injunctive relief. 28 U.S.C. 1346(b)(1); see also McAuliffe v. U.S. Dept. of Veterans Affairs, 2007 WL 2123690, at *5 (N.D. Cal. July 23, 2007).

In their opposition, plaintiffs appear to concede that injunctive relief is not available under the FTCA. The court notes in addition that to the extent this is a claim against the individual defendants, plaintiffs have no standing to sue defendants in their respective individual capacities because the plaintiffs' alleged injury is not redressable by defendants in their individual capacities. See Lujan v. Defenders of Wildlife, 504 U.S. 555, (1992) (requiring, for purposes of Article III standing, that the asserted injury will be redressed by a favorable decision); see also Acierno v. Cloutier, 40 F.3d 597, 608 (3rd Cir. 1994) (en banc) ("[A] defendant who loses a claim for injunctive relief is simply ordered to refrain from taking certain action in his or her official capacity.").[1]

---

[1] Furthermore, injunctive relief is a remedy, and not an independent cause of action. Chan Tang v. Bank of America, N.A., 2012 WL 960373 at *15 (C.D. Cal. March 19, 2012); Shamsian v. Atl. Richfield Co., 107 Cal. App. 4th 967, 984-85 (2003).

5

Plaintiffs have also indicated that they seek leave to amend this cause of action to seek declaratory relief under § 1983 against the USPS, the two individual defendants, and the United States. For the reasons stated above, plaintiffs cannot state a claim under § 1983, and any Bivens claim would be dismissed as time-barred. Thus, plaintiffs' request for leave to amend must therefore be DENIED.

## CONCLUSION

In accordance with the foregoing, the first and third causes of action are dismissed with prejudice. With respect to the second cause of action for intentional infliction of emotional distress, the sole remaining defendant is the United States and all other defendants are dismissed. As a result, defendants Sara Harlan and Patricia Ford-Smith are dismissed from the case.

The August 22, 2012 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: August 20, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge