UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY THOMPSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No.   12-cv-00301-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 37 |

Defendant the United States of America ("Defendant") has moved for summary judgment in this action in which Plaintiffs Jerry Thompson and Aileen Krewson ("Plaintiffs") bring a single cause of action for intentional infliction of emotional distress ("IIED") stemming from a search of Plaintiffs' home by United States Postal Service agents.  ECF No. 37.  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the matter suitable for disposition without oral argument, and hereby VACATES the hearing currently scheduled for September 5, 2013.

## I.  BACKGROUND

### A.  Factual Background

On June 5, 2009, agents of the U.S. Postal Service searched the home shared by both Plaintiffs as part of an investigation into Plaintiff Krewson allegedly having committed workers' compensation fraud.  Krewson Deposition ("Krewson Depo."), Exh. A to Declaration of Gregory S. Walston, ECF No. 47-1, at 50:16-24; Declaration of Sara Harlan, ECF No. 42, at ¶¶ 63-64.  Most of the remaining material facts are in dispute and are discussed *infra* at Part II.

### B.  Procedural History

Plaintiffs brought this action in January 19, 2012.  She makes a claim under 42 U.S.C.

section 1982 for unlawful search and seizure; a claim of intentional infliction of emotional distress; and a claim for injunctive relief against Defendants the United States of America, Special Agent Patricia Ford-Smith, and Special Agent Sara Harlan. The Court dismissed all claims against all defendants, with the exception of the intentional infliction of emotional distress claim brought against Defendant the United States of America, which the Court construed to arise under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* ECF No. 20. Plaintiffs then filed an amended complaint bringing only that claim. ECF No. 25.

### C. Jurisdiction

Since Plaintiffs' claim arises under the FTCA, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. 1331.

### D. Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). Summary judgment must be supported by "facts as would be admissible in evidence." Fed. R. Civ. Pro. 56(e). In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to designate "specific facts showing there is a genuine issue for trial." Id., 477 U.S. at 323. The court draws all reasonable factual inferences in favor of the non-movant. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986). "[A]t the summary judgment stage," courts are "not permitted to weigh evidence." Zobmondo Entm't, LLC v. Falls Media, LLC, 602 F.3d 1108, 1121 (9th Cir. 2010)

Where the moving party would not bear the burden of proof at trial, that party bears the initial burden of either producing evidence that negates an essential element of the non-moving party's claims, or showing that the non-moving party does not have enough evidence of an

essential element to carry its ultimate burden of persuasion at trial. See Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party satisfies its initial burden of production, then the non-moving party must produce admissible evidence to show there exists a genuine issue of material fact. Id., at 1102–03.

## II. ANALYSIS

Under the FTCA, liability is assessed "in accordance with the law of the place where the act . . . occurred." 28 U.S.C. § 1346(b)(1). Under California law:

> A cause of action for intentional infliction of emotional distress exists when there is (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. A defendant's conduct is "outrageous" when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. And the defendant's conduct must be intended to inflict injury or engaged in with the realization that injury will result.

Hughes v. Pair, 46 Cal. 4th 1035, 1050-51 (2009) (internal citations omitted).

Defendant argues that Plaintiffs have not produced sufficient evidence to show that there is a genuine issue of material fact. In her deposition, Plaintiff Krewson testified that Postal Service agents, executing an invalid warrant, arrived at her home with rifles, grabbed her arms, pulled her from her home, pointed a rifle at her small dog, followed her into the restroom and watched her while she used the restroom, interrogated her in a vicious manner, pounded on her table, verbally berated her, and yanked and pulled her around. Krewson Depo., at 45:5-7, 51:15-53:3, 56:6-8, 71:3-72:20, 78:11-80:2, 82:23-25, 83:7-8, 84:2, 129:23-24, 142:17-143:19. If every reasonable inference were resolved in Plaintiff's favor, this testimony could support a finder of fact's conclusion that the conduct was extreme and outrageous.

Defendant has submitted significant evidence to negate Krewson's testimony.[1] For

---

[1] Plaintiffs have filed evidentiary objections to much of Defendant's evidence. ECF No. 48. The Court OVERRULES these objections for purposes of resolving this motion, because even assuming the evidence were to be considered, it would not entitle Defendant to summary judgment.

example, Defendant argues that the evidence indicates that the agents acted on a reasonable belief that the warrant was valid, that video and witness evidence contradicts Plaintiffs' account of the search, and that many of the agents' actions were reasonable precautions taken to protect officers from a threat of harm. The Court does not weigh evidence or make credibility determinations, however, on a summary judgment motion.

Defendant argues that Plaintiff's testimony is not genuine evidence that can create a material issue of disputed fact, relying primarily upon the Ninth Circuit's statement that it "has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir.1996)).

Almost all party testimony is self-serving, but that does not make it less genuine. The evidence the Villiarimo court disregarded as "uncorroborated and self-serving" was a plaintiff's assertion about the actions of third parties, for which the plaintiff had no foundation of knowledge. 281 F.3d at 1059, n. 5. In Kennedy, the plaintiff's testimony directly contradicted her prior sworn statements and medical evidence. 90 F.3d at 1481. Neither of these cases require a court to disregard the testimony of a tort plaintiff describing her direct experiences; in fact, at summary judgment, such evidence is often to be expected. Neither Villiarimo nor Kennedy counsel against allowing a plaintiff to use such evidence to defeat summary judgment.

The same is true of the other elements of Plaintiff Krewson's IIED claim. If every reasonable inference were resolved in Plaintiffs' favor, and none of Defendant's evidence were weighed against Krewson's testimony, a reasonable fact finder could conclude from Krewson's testimony that the agents acted with "intention of causing, or reckless disregard of the probability of causing" Krewson severe emotional distress. Hughes, 46 Cal. 4th at 1050 (quoting Potter v. Firestone Tire & Rubber Company, 6 Cal. 4th 965, 1001 (1993)). Krewson has also declared that, after the search of her home, she suffers from a deteriorated mental state, fear of strangers, trembling at the sight of law enforcement, constant paranoia, and extreme sleep deprivation. Declaration of Aileen Krewson, ECF No. 49, at ¶ 14. A fact-finder could also reasonably infer

from this that she suffered from severe emotion distress that was caused by the agents' actions. Accordingly, Defendant's motion as to Plaintiff Krewson will be denied.

Defendant is entitled to judgment as a matter of law, however, on Plaintiff Thompson's IIED claim. An action giving rise to a valid IIED claim "must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." Christensen v. Superior Court, 54 Cal.3d 868, 903 (1991). According to Plaintiff Thompson's own testimony, most of the events in question did not occur in his presence. He was not home when the agents arrived, and he came to the residence three hours later. Deposition of Jerry Thompson, Exh. C to Declaration of Jonathan U. Lee, ECF No. 38-3, at 35:4. When he arrived, agents told him to walk around to the back yard, told him he could not enter his home during the search because there were weapons inside, and used language that he found disrespectful and accusatory. Id., at 57:8-70:6. Even with all reasonable inferences resolved in Plaintiffs' favor, these interactions cannot as a matter of law constitute actions "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Hughes, 46 Cal. 4th at 1050-51 (quoting Potter, 6 Cal. 4th at 1001). In their opposition brief, Plaintiffs have produced no evidence demonstrating a material issue of disputed fact on this element.[2]

The only authority Plaintiffs cite to dispute this legal requirement is Marlene F. v. Affiliated Psychiatric Medical Clinic, 48 Cal.3d 583, 587 (1989), but that case discusses the requirements for negligent infliction of emotional distress rather than IIED.

After resolving all reasonable inferences in Plaintiffs' favor, the Court concludes that no reasonable finder of fact could conclude on the basis of applicable law that Plaintiff Thompson is

---

[2] In its Reply Brief, Defendant argues additionally that "Plaintiffs have failed to present any evidence establishing that Defendant had any intent to injure Plaintiff Thompson or that Plaintiff Thompson suffered severe emotional distress." Reply Brief, ECF No. 15, at 9:18-20. Defendant did not point to this lack of evidence in its motion, and therefore Plaintiffs have not had an opportunity to present whatever evidence they might have to demonstrate a triable issue on those two elements. "It is inappropriate to consider arguments raised for the first time in a reply brief." Ass'n of Irritated Residents v. C & R Vanderham Dairy, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006).

1 entitled to recover on his IIED claim. Defendant is therefore entitled to judgment on that claim as
2 a matter of law.

### III. CONCLUSION

Defendant's motion for summary judgment is GRANTED IN PART and DENIED IN PART. Summary judgment is granted to Defendant on Plaintiff Thompson's claim of intentional infliction of emotion distress. Summary judgment is denied as Plaintiff Krewson's claim of intentional infliction of emotion distress.

**IT IS SO ORDERED.**

Dated: September 5, 2013

JON S. TIGAR
United States District Judge